CLARA WIEMER

*v.*

ANNA ELIZABETH HIMMEL *et al.*

*Opinion filed December 16, 1902.*

EQUITY—*when equity may expunge words "her bodily heirs" from deed.* If the heirs of an intestate who had prepared a will but died before its execution, attempt to carry out its provisions by conveying the property to a trustee, who in turn conveys to each the property as devised by the will, and such heirs are not aware that the will limits the estate of one of their number to her and "her bodily heirs," but the trustee, following the will, inserts such words in the deed to her, a court of equity may reform the deed by expunging them, where none of the parties knew the words were in the will or deed or intended them to be there.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. L. H. MEHAN, Judge, presiding.

LYMAN LACEY, Jr., for plaintiff in error.

GUY R. WILLIAMS, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This case is before us on a writ of error to the Mason circuit court, sued out by Clara Wiemer, a minor, by her guardian *ad litem,* to reverse a decree obtained by defend-

ant in error Annie M. E. Wiemer, reforming two certain deeds conveying the south-west quarter of section 18, township 22, north, range 7, west of the third principal meridian, in Mason county, in this State, by expunging from said deeds the words "and her bodily heirs," used in said deeds in connection with said Annie, and limiting her title to a life estate in said described tract of land. As reformed, the deeds convey title in fee simple.

It appears from the bill filed by said Annie, and from the evidence, that her father, John Himmel, in his lifetime was the owner of said land with numerous other tracts in Mason county, and that the day before his death he prepared a will, but while awaiting the arrival of a witness at his home, and before the will was executed and witnessed, he was accidentally drowned. His wife and he had frequently discussed the question of the distribution of his property, and she understood that their children were to share equally in the estate, subject to the share she was to have. There were nine children, the said Annie, then aged seventeen years, being the youngest. The will as prepared would have devised said tract of land to Annie "and her bodily heirs." The evidence shows that neither Annie nor her mother had ever read the will, and they did not know that it contained the words in question limiting her interest to a life estate. The other children would have taken their shares in fee had the will been duly executed. The widow testified she could not read the will, it being in English, but from talks had with her husband believed that he intended that Annie should take her share absolutely, like the rest. With this understanding of the draft of the will by the widow and children they agreed to carry it into effect, and joined in the execution of a trust deed which embodied the will, conveying all of the lands descended to them from said John Himmel to a trustee, to be by him re-conveyed to the widow and heirs in the shares as provided in the will. Said Annie was not then eighteen

years of age, and did not sign the deed until a year or more after it was executed by her mother and her brothers and sisters. The deed was not read to her, and she was wholly ignorant that it contained the words limiting her title to a less estate than the others were to receive. She was inexperienced in business affairs and relied upon her mother, who was also mistaken as to the contents of the instrument in the respect mentioned. The trustee, supposing they understood the will, did not read or explain the deed to them. Afterward the trustee conveyed the land in question to said Annie "and her bodily heirs," and the deed was sent to her in the State of Iowa, whither she had removed. It appears she did not know that the words above quoted were in the deed until afterwards, when she endeavored to sell the land, and was told she had only a life estate with remainder to her children. She was married and had one child, six years old, the plaintiff in error.

It is clear from the evidence, in which there is no conflict, that the deeds in question failed to carry into effect the intention of the parties interested in the land. The words "bodily heirs" were inserted in the deeds by the trustee, who had no interest in the property, simply because they were in the draft of the will, and were there without the knowledge of any of the parties in interest; and it clearly appears from the evidence that had they known the will so provided they would not have carried it into effect as to said Annie's share, but would have conveyed to her in fee. It is too plain for argument or citation of authorities that the mistake as alleged in the bill was committed, and that it was one against which equity will relieve. No error was committed in reforming the deeds in the respect mentioned, so as to carry out the intention of the parties.

The decree will be affirmed. *Decree affirmed.*